IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MADELINE NEWTON,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

Civ. No. 3:11-cv-01029-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

Claimant Madeline Newton ("Newton") moves for attorney fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)"), which permits a court to award attorney fees to the attorney of a successful Social Security claimant, so long as such award is "a reasonable fee for such representation" and "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). Although Newton is the claimant in this case,

the real party in interest to this motion is her attorney Merrill Schneider ("Schneider"), and the Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes that Schneider is entitled to fees under section 406(b) in the amount sought.

*Procedural Background*

Newton filed for Disability Insurance Benefits under Title II of the Social Security Act. The Commissioner denied her claim initially and on reconsideration. Her claim was heard by an Administrative Law Judge ("ALJ") at an October 2, 2009, hearing. The ALJ found Newton not disabled at any time between her alleged onset date and Newton's date last insured. Newton requested review of this decision by the Appeals Council, which request was denied. Newton then sought review by this court.

Newton objected to the ALJ's conclusion on two grounds, that the ALJ improperly rejected the opinions of Newton's treating physicians and the failed to provide clear and convincing reasons for finding Newton not credible. The court agreed and ruled in Newton's favor on both grounds. As such, the court reversed and remanded the ALJ's decision for an immediate award of benefits.

*Discussion*

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S .C. § 406(b)(1)(A). However, a "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not

create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17, *adopted by*, 2010 WL 1029809 (March 17, 2010)). A section 406(b) fee award is paid from claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id*. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

## I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Newton and Schneider executed a contingent-fee agreement, providing that if Schneider obtained payment of past-due benefits, Newton would pay him twenty-five percent of the past-due benefits awarded. *See* Motion for Attorney Fees (#22), Attachment 2. The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Schneider has included a document from the Society Security Administration entitled "Notice of Award," which details the retroactive benefits due Newton. By Schneider's calculation, the past due benefits to which Newton is entitled are $79,352, and Schneider's fee should total $19,838. In the fee agreement, Newton agreed to pay $6,000 for Schneider's representation at the administrative level. Accordingly, Schneider seeks $13,838 in fees arising under section 406(b) such that the total fee award will not exceed twenty-five percent of past due

benefits.[1]

The amount of past due benefits is the subject of some ambiguity, however. In its Notice of Award, the SSA writes regarding attorney fees: "Your representative may ask the court to approve a fee no larger than 25 percent of past due benefits. Past due benefits are those payable through May 2006, the month before the court's decision. For this reason, we are withholding $4,959.50." (Supplement (#25) at 3.) Thus, according to the SSA, the past due benefits available to Schneider under 406(b) are $4,959.50, far less than the amount he currently seeks. On the other hand, Schneider's calculation of past due benefits is based on a chart on the first page of the Notice of Award, wherein the SSA details the monthly benefits due Newton *since* May 2006. This ambiguity is not explained by Schneider in his motion but, notably, in the response to this motion the Commissioner did not object to the fees claimed by Schneider: "The Commissioner has given substantive consideration to the merits of Plaintiff's request and found no basis to object to an award of $13,838.00," provided Schneider refunds the EAJA funds already received to Newton.

To resolve this ambiguity, the court looks to the underlying record. In the administrative decision, the ALJ wrote that Newton "was not under a disability within the meaning of the Social Security Act from October 1, 2004 through the date last insured" which was identified as September 30, 2005. This court disagreed and instead found Newton disabled, consistent with her application for benefits, and issued its decision on September 6, 2012. Thus, the SSA's statement that Newton was entitled to benefits through the month prior to the court's decision does not square with its statement that Newton is due benefits only through June 2006. It also does not square with its

---

[1] Schneider also points out that he was awarded $3,948.89 in fees under the Equal Access to Justice Act, which fees will be refunded to Newton upon receipt of the 406(b) fees herein awarded.

statement at the beginning of the Notice of Award letter that Newton is "entitled to monthly disability benefits from Social Security beginning May 2006." (Supplement at 1.) Accordingly, the court accepts the calculation of past due benefits as those payable through the month before the court's decision and determined consistent with the benefit chart on the first page of the Notice of Award.

Thus, the requested award is within the statutory limit. After determining that the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id*. (quoting *Gisbrecht*, 535 U.S. at 808).

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id*. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified

by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

1. the character of the representation, specifically, whether the representation was substandard;
2. the results the representative achieved;
3. any delay attributable to the attorney seeking the fee; and
4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

*A. The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Id*. at 1151. The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of Schneider's representation. In fact, the court agreed with Schneider on both grounds asserted for reversal. Furthermore, Schneider competently and successfully argued that the remand should be for an award of benefits.

*B. Results Achieved*

The court ordered a remand of Newton's claim for an immediate award of benefits, a wholly positive result obtained by Schneider.

*C. Undue Delays*

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. Newton's opening brief was filed timely on March

15, 2012, and no extensions were requested prior to filing. The Commissioner filed the response brief on May 17, 2012, and Newton's reply brief was filed thereafter on June 4, 2012. Accordingly, there is nothing in the record to suggest that there was delay attributable to Schneider, the attorney seeking the fee, and a reduction of Schneider's fee request is unwarranted under this factor.

*D. Proportionality*

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

By the court's calculation, Newton is entitled to $79,352 in past-due benefits and Schneider reports he expended twenty-one and one half hours representing Newton. He currently seeks $13,838 in fees plus $6,000 for his representation of Newton at the agency level, for a total of $19,838, which amount would result in an effectively hourly rate of $922.69. The court notes, however, that the payment of fees at the agency level and the district court level are the result of distinct processes in that the Social Security Administration is tasked with approving fees sought for representation at the agency level. "Section 406(a) grants the Social Security Administration exclusive jurisdiction to award attorney's fees for representation of a Social Security claimant in proceedings before the Administration." *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008). Thus, the court's analysis is restricted to the fees sought for representation at this level, or $13,838. As such, the effective rate sought is actually $634.62 and the percentage of past-due benefits is close between seventeen and eighteen percent.

Here, Newton was granted a substantial award of past-due benefits the result of Schneider's

work. Schneider has already adjusted downward the percentage of fees he seeks from those provided for in the valid contingent-fee agreement. This downward adjustment is sufficient to achieve the requisite proportionality, and the benefits sought for representation in this court are reasonable.

*E. Risk*

Schneider argues that the court should consider not only the specific risk posed by a particular case, but the general risk undertaken by Social Security practitioners. He cites the low probability of prevailing in a Social Security case as calling for a "multiplier" to be applied to the average fee for a civil attorney to determine "the hourly rate which would properly compensate plaintiff's attorney for the risk of non-payment due to contingency and put him on equal footing with the average Portland-area attorney." (Memorandum 5.) Schneider misreads *Gisbrecht* and *Crawford* on this point. The nature of contingency work is a factor to be considered when evaluating risk under *Crawford*, but notes that it is not the sole factor. Rather, the risk analysis should focus on the "complexity and risk involved in the specific case at issue . . . ." 586 F.3d at 1153.

To support his argument Schneider cites *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1299-1301 (9th Cir. 1992). That case has nothing to do with attorney fee awards under section 406(b) or Social Security in general, but instead involved a class-action lawsuit stemming from the largest municipal bond default in history. In fact, the risk analysis for Social Security contingent fee awards is specific to the particular case, as the Ninth Circuit made clear in *Crawford*: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Crawford*, 586 F.3d

at 1153 (specifically rejecting focusing on a "firm's overall success rate" to determine risk).

Schneider points to no risk specific to this case and, instead, argues that it was no *less* risky than other such cases. The court agrees that the degree of risk was typical and does not weigh either for or against a reduced fee award.

*Conclusion*

Based on the foregoing analysis, the court concludes that Newton's Motion for Attorney Fees (#22) should be granted. As such, Schneider should be awarded $13,838.00 under section 406(b). Schneider shall refund to Newton the $3948.89 in EAJA fees previously awarded in this case.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 6, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 23rd day of May, 2013.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge